104 F.3d 355
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Carlos M. CARPIO, Plaintiff-Appellant,
v.
MARRIOTT HOTELS AND RESORTS, INC., doing business as
Marriott East Side, Defendant-Appellee,
Morris BAILEY, as President, Shalom Drizin, as Treasurer and
Rubin Schron, as Treasurer of the 525 Lexington
Avenue Associates, Defendants.
 No. 96-7125.
 United States Court of Appeals, Second Circuit.
 Dec. 16, 1996.
 
 Appeal from the United States District Court for the Eastern District of New York (Glasser, J.).
 
 
 1
 APPEARING FOR APPELLANT: VINCENT PADULA, New York, NY.
 
 
 2
 APPEARING FOR APPELLEE: ALLEN B. ROBERTS, Roberts & Finger, LLP, New York, NY.
 
 
 3
 E.D.N.Y.
 
 
 4
 AFFIRMED.
 
 
 5
 VAN GRAAFEILAND, JACOBS, and CALABRESI, Circuit Judges.
 
 
 6
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was argued by counsel.
 
 
 7
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED for the reasons stated in Judge Glasser's Memorandum and Order dated January 9, 1996.
 
 
 8
 As Judge Glasser explained, even if appellant Carlos M. Carpio raised a prima facie case of employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., defendant Marriott Hotels and Resorts, Inc. ("Marriott") successfully rebutted any resulting presumption by articulating a legitimate, non-discriminatory motive for dismissing Carpio. Carpio, however, has failed to carry his burden of demonstrating either that Marriott had a discriminatory motive in firing him, or that its proffered non-discriminatory motive was mere pretext. Instead, Carpio makes claims directed toward establishing his actual innocence in the incident that led to his dismissal. But these arguments in no way discredit Marriott's claimed reliance on the reports it received of that incident, and thus do not controvert Marriott's articulated motive for dismissing Carpio.
 
 
 9
 The denial of Appellant's motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure is AFFIRMED for the reasons stated in Judge Glasser's Memorandum and Order dated May 3, 1996.